**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 11-CR-30049-WDS |
| ) | |
| **CALVIN GATES,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

**STIEHL, District Judge:**

This matter is before the Court on defendant's pro se motion to defer financial responsibility payments (Doc. 282). The defendant seeks to have the Court direct the Bureau of Prisons to stop withdrawing money from his account until after his release.

The defendant was sentenced, in addition to his term of incarceration of 120 months, to pay a total assessment of $100.00 and a fine of $300.00. The assessment and fine were ordered, as part of the sentence, due immediately. Because his fine and assessment were due immediately, he has no basis for seeking a deferment of those payments. The Bureau of Prisons may, as part of the management of its inmates, take a percentage of an inmate's prison account to satisfy the immediately due payment. The Seventh Circuit has recognized that the BOP is authorized to use the Inmate Financial Responsibility Program to ensure that inmates make good-faith progress toward satisfying their court-ordered obligations, and the defendant's motion does not provide any basis for this Court to review the defendant's participation in that program. See, *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999).

Accordingly, the Court **DENIES** defendant's motion to defer financial payment until he is

released from federal custody on all grounds raised.


**IT IS SO ORDERED.**

**DATE: <u>18 September, 2013</u>**

**<u>s/ WILLIAM D. STIEHL</u>**
**DISTRICT JUDGE**
