IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11–cr-30049-SMY-7 |
| | ) |
| CALVIN GATES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on the Defendant Calvin Gates' motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Docs. 330, 334). The Government opposed the Motion (Doc. 336).

The Court is advised that Gates was released from the Bureau of Prisons on January 4, 2021. As such, his motion seeking a sentence reduction has been rendered moot. Moreover, Gates was ineligible for a reduction of his criminal sentence under Section 404 of the First Step Act.

Gates was charged by Superseding Indictment with conspiring to knowingly and intentionally distribute, and possess with intent to distribute, a mixture or substance containing cocaine base, in the form commonly known as "crack", in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Doc. 91). On January 4, 2012, Gates entered into a written plea agreement (Doc. 233), which included the following language:

> "4.  Defendant and the Government agree that the total quantity of cocaine base constituting this Defendant's relevant conduct was approximately 420 grams, thereby creating an initial Guideline Offense Level of 32." (Doc. 233, p. 7).

The offense charged carried a 10-year mandatory minimum term of imprisonment up to life. Gates had a base offense level of 32 under U.S.S.G. § 2D1.1. After a three-level reduction for acceptance of responsibility, the advisory guidelines sentencing range for imprisonment was 108 to 135 months (120-135 months effective range). Since the statutory minimum sentence was 10 years, the guideline range became 120 to 135 months imprisonment. The Court imposed the minimum sentence of 120 months imprisonment on May 21, 2012 (Doc. 247).

Gates was ineligible for a sentence reduction under the First Step Act because the Fair Sentencing Act did not reduce the applicable statutory sentencing range for his crime. He pled guilty under 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A), and 846 (Doc. 233). At the time of his plea, the statutory sentencing range for his crime was a 10- year mandatory minimum up to life. 21 U.S.C. § 841(b)(1)(A). Under the Fair Sentencing Act, the threshold quantity triggering § 841(b)(1)(A)(iii) (10 years to life range) increased from 50 grams to 280 grams. Gates stipulated and agreed in his plea agreement that the total quantity of cocaine base attributable to him was 420 grams (Doc. 233). Consequently, his statutory sentencing range was governed by 21 U.S.C. § 841(b)(1)(A) – 10 years-life. See *United States v. Paulette*, 858 F.3d 1055, 1060 (7th Cir. 2017) and *United States v. White*, 883 F.3d 983, 990 (7th Cir. 2018).

For the foregoing reasons, Defendant's motion (Docs. 330, 334) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 1, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**